STATE of Arkansas *v.* Michael MILLS

CR 92-625                                           844 S.W.2d 324

Supreme Court of Arkansas
Opinion delivered December 21, 1992

*Winston Bryant*, Att'y Gen., by: *Sandy Moll*, Asst. Att'y Gen., for appellant.

*Jeff Rosenzweig*, for appellee.

DAVID NEWBERN, Justice. The State attempts to bring an interlocutory appeal from an evidentiary ruling. During the trial

of the appellee, Michael Mills, for rape and carnal abuse Mills sought to introduce evidence that the alleged victim had falsely accused two other men of sex offenses against her. The State objected on the basis of the rape-shield law, Ark. Code Ann. § 16-42-101 (1987), which precludes admitting evidence of "prior sexual conduct" on the part of an alleged rape victim. The Trial Court overruled the objection. The issue is whether this Court has jurisdiction to hear the appeal. We lack jurisdiction, and thus the appeal must be dismissed.

At an omnibus hearing Mills offered evidence of the alleged victim's allegations against others. The alleged victim admitted making the earlier allegations and said they were true. Both of the other men accused earlier testified at the hearing and denied the incidents. The alleged victim stated she informed the police of these earlier allegations when she accused Mills, but no criminal charges were filed against the other two men.

After the hearing the Trial Court ruled that the evidence presented was not of "prior sexual conduct" as the term is used in the rape-shield law and thus it was admissible.

## Jurisdiction

Subsection (a) of § 16-42-101 defines "sexual conduct" as "deviate sexual activity, sexual contact, or sexual intercourse, as those terms are defined by § 5-14-101." Subsection (b) provides that in sex offense cases, "opinion evidence, reputation evidence, or evidence of specific instances of the victim's prior sexual conduct . . . is not admissible by the defendant . . . to attack the credibility of the victim, to prove consent or any other defense or for any other purpose." Subsection (c) permits a trial court to hold a hearing to determine, notwithstanding the provision of subsection (b), whether evidence of the victim's prior sexual conduct is so relevant that it should be admitted. Subsection (c)(3)(B) provides that if the prosecutor "is satisfied that the order [presumably the order of the trial court admitting the evidence] substantially prejudices the prosecution of the case, an interlocutory appeal on behalf of the State may be taken in accordance with Arkansas Rules of Criminal Procedure 36.10(a) and (c)."

The Statute provides for an appeal by the State *only* where a

trial court rules that the evidence proffered is of "prior sexual conduct" of the victim and then decides that the evidence should be admitted regardless of the rape-shield prohibition as it is both relevant to a fact issue and is more probative than prejudicial. If the ruling of the trial court is that the evidence is not of "prior sexual conduct," as in this case, the Statute does not apply. That was our holding in *West* v. *State*, 290 Ark. 329, 719 S.W.2d 684 (1987). The State asks that we overrule that decision, but we have been given no convincing reason to do so. It was a correct interpretation of the Statute, giving literal and obvious meaning to the words used by the General Assembly.

Trial courts have broad discretion in deciding evidentiary issues, and their decisions are not reversed absent abuse of that discretion. *Terry* v. *State*, 309 Ark. 64, 826 S.W.2d 817 (1992); *State* v. *Massery*, 302 Ark. 447, 790 S.W.2d 175 (1990). There is no basis for pretrial review of that exercise of discretion, and this is not a ruling which is subject to interlocutory appeal pursuant to Ark. R. Crim. P. 36.10(a) and (c).

When the question is whether evidence should be allowed, of prior false allegations of sex offenses by an alleged victim, a trial court finds itself in the position of having to decide a purely factual issue. If the previous allegations by the alleged victim are true, then the evidence is, in a sense, evidence of "prior sexual conduct," although it is possibly not the harmful sort of evidence at which the rape-shield law is directed. If the previous allegations are false, the evidence of them is not of "prior sexual conduct" but is evidence of prior misconduct of the alleged victim which has a direct bearing upon the alleged victim's credibility, particularly in the circumstances before the court. The Trial Court in this case voiced, several times, objection to having to conduct a "mini-trial," but it is obvious that it must be done in these circumstances.

The State rejects Mills's argument that there is no provision for an appeal where a court rules that the proffered evidence is not of "prior sexual conduct" by arguing that *all* rulings of a trial court made pursuant to the Statute should be subject to appellate review. It is argued that if a trial court erroneously finds that the evidence does not involve "prior sexual conduct" the ruling can not be corrected by appeal in the event of an acquittal. That is of

course so, but it is true of the myriad other discretionary rulings a trial court must make.

While, as a matter of policy it may be that all rulings of a trial court interpreting the rape-shield law should be subject to interlocutory review, it is clearly a policy not yet expressed or implemented in the Statute. If the ruling a trial court must make in this sort of case is special, like that prescribed in Subsection (c) and to be given special treatment, the General Assembly has not said so.

■■ In the absence of a statutory or constitutional provision or a provision in a rule of this Court, appellate jurisdiction is lacking. *Jenkins* v. *State*, 301 Ark. 20, 781 S.W.2d 461 (1989) (jurisdiction lacking because no provision found in criminal procedure rule); *City of Little Rock* v. *Tibbett*, 301 Ark. 376, 784 S.W.2d 163 (1990) (jurisdiction lacking because no provision in constitution or rule of criminal procedure). In *Ellis* v. *State*, 302 Ark. 597, 791 S.W.2d 370 (1990), a criminal defendant sought dismissal of charges on the basis that the evidence the State proposed to introduce against him was inadmissible. The State argued, and we agreed, there was no statutory basis for jurisdiction to hear an appeal. We said:

> The state correctly points out that appeals are granted as a matter of statute. There is no right of appeal granted by the United States Constitution. *Abney* v. *United States*, 431 U.S. 651 (1977). Appealability is controlled by Ark. R. App. P. 2(a) which requires a final judgment or decree or one which, in effect, determines the action and prevents a judgment from which an appeal might be taken or discontinues the action.

*Burrow* v. *State*, 301 Ark. 222, 783 S.W.2d 52 (1990), was a rape case in which the defendant wished to appeal from the Trial Court's decision, made pursuant to Subsection (c) of § 16-42-101, that he could not introduce evidence of prior sexual conduct of the victim. He argued he was being deprived of equal protection of the law because of the provision that the State could appeal but lack of a provision for appeal by the defendant. We held that the law was not unconstitutional, pointing out as a basis of the discrimination that the State could not appeal from an acquittal but that the defendant could appeal from a conviction

on the basis of error in refusing to admit the evidence. There again, the appeal was dismissed because of lack of a provision for it in the Statute.

■ Our rape-shield law is a product of the General Assembly, and until it sees fit to provide for interlocutory appeal by the State of a trial court's decision with respect to admitting evidence of prior false allegations made by an alleged victim, or until some other jurisdictional basis by rule or constitutional provision appears, we lack jurisdiction to hear such an appeal.

Appeal dismissed.

BROWN, J., concurs.

HAYS, GLAZE, and CORBIN, JJ., dissent.

ROBERT L. BROWN, Justice, concurring. I join the majority opinion but write to associate myself with one point made in Justice Glaze's dissenting opinion. Though the court agrees that *West* v. *State*, 290 Ark. 329, 719 S.W.2d 684 (1986) is still good law, the unfortunate statement in the opinion relating to sexual fantasies inducing some women to make false accusations about sexual attacks should be excised. The statement is archaic, and any suggestion that this court subscribes to that psychiatric point of view should be disparaged.

TOM GLAZE, Justice, dissenting. This case involves Arkansas's rape-shield statute — a statute designed to exclude a rape victim's irrelevant sexual history from being paraded before a jury. The four-member court's decision today emasculates the purpose and intent of that statute. In short, when a trial judge erroneously mislabels a victim's prior sexual conduct as merely admissible, impeachable evidence bearing on her earlier sexual allegations against others, the majority court holds the state cannot appeal that erroneous ruling to have it corrected. The majority court claims the General Assembly, in drafting and enacting this rape-shield statute, failed to provide for such an interlocutory appeal. I say this court badly misinterprets the statute, its intent, and its procedural appellate safeguards. Because of the significance of this case and its effect on future rape prosecutions, I will go into some detail why I disagree with the the majority opinion.

Michael Lloyd Mills, a Pentecostal minister, was charged with rape and carnal abuse of the prosecutrix, who was twelve to fifteen years old at the time. During this period alleged by the state, the prosecutrix attended appellee's church. Pursuant to the rape-shield statute, Ark. Code Ann. § 16-42-101 (1987), the state brings this interlocutory appeal from the trial court's pretrial hearing and ruling that the appellee could introduce evidence of the prosecutrix's prior sexual allegations against two other men and the men's denial of them.[1] At the hearing, the prosecutrix admitted making the prior sexual allegations and reasserted the veracity of those allegations. The prosecutrix stated that she had told the police about these sexual allegations, but no criminal charges were ever filed against the two men.

The appellee first contends the state cannot appeal the trial court's evidentiary ruling because, under § 16-42-101(b) of the rape-shield statute, the judge determined the men's testimony did not involve the prosecutrix's prior sexual conduct with the two men, but instead involved only false sexual allegations against them which they have denied. Appellee argues the state could *only* bring an *appeal if* the trial judge had ruled appellee's proffered evidence could be characterized as prior sexual conduct rather than false sexual accusations, but, nevertheless, the judge still allowed such evidence to be introduced under provision § 16-42-101(c) of the rape-shield statute. That provision essentially provides that notwithstanding a trial judge's finding that a defendant's proffered evidence bears on the victim's prior sexual conduct with the defendant or another person and is generally inadmissible, such evidence still may be introduced if the court determines (1) the proof is relevant to a fact in issue and (2) the probative value of the proof outweighs its inflammatory or prejudicial nature.

Appellee's and this four-member court's interpretation of provision (c) is too restrictive and fails to recognize the overall intent of the rape-shield statute to permit the state, after conferring with the victim, to obtain an appellate decision on whether the trial court correctly ruled in admitting a defendant's

---

[1] One of the men was a teenager when the alleged sexual contact took place, but was twenty-one years old at the time of the pretrial hearing.

proffered evidence as (1) not being prior sexual conduct or (2) being prior sexual conduct of the victim which the trial court ruled admissible. In short, under appellee's and the majority court's view of § 16-42-101(c), particularly 101(c)(2)(B), if the trial court *erroneously* decided a defendant's proffered evidence did not concern the victim's prior sexual conduct, the *state can never* test the court's ruling by either an interlocutory appeal or for that matter, by direct appeal after an acquittal had been entered.

Provision 101(c)(2)(B) provides that, if the prosecuting attorney is satisfied that the trial court's order or ruling substantially prejudices the prosecution of the state's case, an interlocutory appeal may be taken by the state. Both the state and appellee agree the state can file an interlocutory appeal when the trial court finds the defendant's evidence includes the victim's prior sexual conduct, but the court still allows such evidence as relevant and probative under 101(c). But the state's case is also clearly prejudiced if a trial court, as in the instant case, erroneously allows the defendant's proffered testimony to impeach prior sexual allegations of the victim when that testimony actually bears on the victim's prior sexual conduct and is not relevant or otherwise admissible. In other words, if a trial court routinely but wrongly characterized evidence as not concerning the victim's prior sexual conduct, the state could never overturn the trial court's erroneous and prejudicial ruling. Such a construction works to render the interlocutory appeal provision in the rape-shield statute meaningless. In construing and harmonizing provisions (b) and (c) of the rape-shield statute, this court should conclude that a trial court's ruling under either of these provisions is subject to interlocutory appeal to test the correctness of such rulings.

The present case is a prime example of the harm that can arise if a trial court's erroneous ruling under provision (b) is allowed to stand without appellate review. In simple terms, the trial court misconstrued this court's decision in *West v. State*, 290 Ark. 329, 719 S.W.2d 684 (1987), and ruled two men could testify when such testimony in actuality concerns the victim's prior sexual conduct and would generally be excluded under the

rape-shield law.[2]

Because the trial judge wrongly determined that the men's testimony proffered by appellee did not concern the prosecutrix's prior sexual conduct, this court should hold the state's case was clearly prejudiced. The state thus would be entitled to challenge that erroneous ruling under § 16-42-101. In fact, such an appeal is the only way the state can correct the court's erroneous, prejudicial ruling. In my view, the General Assembly clearly intended to provide the state and rape victims with the right to appeal such rulings under the rape-shield law to assure their prior sexual conduct histories are not improperly allowed in a public trial. Because I would accept jurisdiction of this appeal, I now turn to the merits of this cause.

As already mentioned, the trial court erred in its ruling by misreading our *West* decision. And while the state argues this court should overrule this court's decision in *West*, I would point out that the facts there are significantly distinguishable from the ones now before this court. Unlike the situation here, the defense proffered that the prosecutrix in *West* would *deny* having made any prior accusations of sexual conduct involving other men. This court allowed three witnesses to testify that the alleged victim had made such prior accusations, thus permitting West to test the prosecutrix's credibility and raising possible doubt concerning her present charge against West. This court explained the prosecutrix's purported conduct was not sexual conduct as defined by law, and therefore was not excludable under the rape-shield law provisions. 290 Ark. at 340-A, 722 S.W.2d at 284 (1987). This court's holding in *West* was in accord with two out-of-state decisions it relied on where the prosecutrix in each case had made sexual accusations against other men, but later either said the allegations were lies or denied having made the allegations. *See People* v. *Hurlburt*, 166 Cal.App. 334, 333 P.2d 82, 75 A.L.R.2d 200 (1959); *People* v. *Evans*, 72 Mich. 367, 40 N.W. 473 (1888). I note that, since this court's decision in *West*, other jurisdictions have reached similar conclusions in attempting to balance the protection of the victim and the accused's right to

---

[2] No in camera hearing was held by the trial court to determine the admissibility of these men's testimony as being otherwise relevant and probative under § 16-42-101(c).

present a defense. *Clinehill* v. *Com.*, 368 S.E.2d 263 (Va. 1988). (The Virginia court cites nineteen jurisdictions that hold that evidence of prior false accusations is admissible to impeach the complaining witness' credibility.)

I still agree that the victim's conduct in *West*, namely, making false accusations of sexual abuse, does not fall under the protection of the rape-shield statute. But in the present case, the prosecutrix related that two men had sexually abused her, and reaffirms, even now, that those abuses occurred. Thus, the prosecutrix has not put her credibility into issue and is entitled to the protection provided under the rape-shield statute. While discussed above, I re-emphasize that portion of the rape-shield statute, Ark. Code Ann. § 16-42-101(b) (1987), that supports the state's argument and reads as follows:

> In any criminal prosecution under §§ 5-14-101 — 5-14-110, . . . opinion evidence, reputation evidence, or *evidence of specific instances of the victim's prior sexual conduct with* the defendant or *any other person is not admissible by the defendant*, either *through direct examination of any defense witness* or through cross-examination of the victim or other prosecution witness, *to attack the credibility of the victim*, to prove consent or any other defense, *or for any other purpose.* (Emphasis added.)

Under § 16-42-110(a) of the rape-shield statute, sexual conduct is defined as meaning deviate sexual activity, sexual contact, or sexual intercourse, as those terms are defined by § 5-14-101. Again, I briefly add that, while I would hold evidence of the prosecutrix's prior sexual conduct in these circumstances may be excludable under the rape-shield statute, such evidence might still be admissible under other provisions of the law. *See* Ark. Code Ann. § 16-42-101(c).

In conclusion, I wish to touch on two additional points. One, while I underscore this case is factually distinguishable from *West*, I am aware of obiter dictum in the court's opinion which reads that, if the prosecutrix admits having made prior statements involving sexual conduct with other persons but asserts them to be true, then the defense should be permitted to prove the statements are false. That situation was not before the court in *West*, nor was any authority cited in *West* to support such a

proposition. If such logic is accepted as already discussed above, little would be left of the rape-shield statute since it could be easily circumvented by a defendant's or defendant's witness's simple denial to any prior sexual conduct in which a prosecutrix may have been involved. In my view, the dictum in *West* should be overruled by this court. Second, I note this court's earlier reference to Wigmore's treatise on this topic in *West*. Wigmore, *Evidence*, § 924(a). While I recognize that Wigmore is an eminent authority on the topic of evidence, I suggest that his statement, based on Freud's teachings, that some women and young girls have fantasies about being attacked by men is archaic and prejudicial. As with any other untruths, I would recognize that the reasons why some women might make false accusations against men are often complex. In any event, whatever the reason or cause might be, the answer or explanation does not lie in Professor Wigmore's archaic statement.

For the reasons stated above, I would accept jurisdiction of this appeal and correct the trial court's evidentiary ruling as discussed above.

HAYS and CORBIN, JJ., join this dissent.