Jimmy D. MURRAY *v.* STATE of Arkansas

CR 00-1044

37 S.W.3d 641

Supreme Court of Arkansas
Opinion delivered March 1, 2001

*Edmundo G. Rogers*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Michael C. Angel*, Ass't Att'y Gen., for appellee.

R OBERT L. BROWN, Justice. Appellant Jimmy D. Murray appeals from a dismissal of his appeal by the Benton County Circuit Court. He raises multiple issues relating to whether the City of Rogers Municipal Court entered a judgment, which began the time period in which a notice of appeal and record were required to be filed under our Inferior Court Rules. We hold that the circuit court properly dismissed the appeal as untimely, and we affirm that dismissal.

The facts of this case follow. On July 29, 1998, a citation was issued to Murray, accusing him of committing the offense of non-support, a Class D felony. Subsequently, the circuit court entered an order granting the prosecutor's motion to transfer the case to the Rogers Municipal Court on a reduced charge of nonsupport, which was a Class A misdemeanor. Later, a summons was issued by the Rogers Municipal Court for Murray to appear in court on May 24, 1999, at 10:30 a.m.

Apparently, a hearing was held. At the bottom of the issued summons, these handwritten notations appeared, followed by the signature of Special Municipal Judge Edwin McClure and the date of May 24, 1999:

| | |
|---|---|
| Guilty | |
| $2,780 Restitution | |
| $1,000 Fine | jail time + fine + cos[ts] |
| $75 Costs | suspended if restitution paid |
| 90 days in BC Jail | within 30 days |
| Okay fine to paid [*sic*] to Mary Skaggs | Edwin McClure |
| | 5.24.99 |

At the top of this document was the Rogers Municipal Court Clerk's stamp dated June 22, 1999. On June 24, 1999, Murray filed a notice of appeal in the Benton County Circuit Court. On that same date, the Rogers Municipal Court record was filed with the circuit court clerk.

At an arraignment hearing on July 26, 1999, the prosecutor moved to dismiss the appeal on the basis that it was not timely filed. Murray then filed an answer to the motion and brief in support. Attached to the brief were the following: (1) a copy of the municipal court summons referenced above; (2) an affidavit by Cynthia

Rogers of The Rogers Law Firm in which she stated that she had filed a notice of appeal and requested and paid for a transcript from the Rogers Municipal Court on June 21, 1999; that the transcript could not be prepared immediately by the court; and that on June 23, 1999, the court informed her at 4:30 p.m. the transcript was ready and could be picked up the next morning; and (3) an affidavit by Edmundo Rogers, Murray's attorney, wherein he stated that he was shown the files and records kept by the Rogers Municipal Court Clerk; those files were not bound; and the documents of separate cases were kept in a manila folder and placed in a filing cabinet with other decisions and cases of the court.

On May 23, 2000, an order was entered by the circuit court which contained these findings:

> 3. The date of May 24, 1999, is the date of entry of judgment in Rogers Municipal Court.
>
> 4. The means by which the Rogers Municipal Court entered said judgment — the handwritten notation on the March 18, 1999, Rogers Municipal Court summons to Defendant — complied with the relevant law and rules of procedure for entries of judgment.
>
> 5. Defendant's appeal from said judgment to the Benton County Circuit Court was untimely.
>
> 6. Because the appeal was untimely, this case is dismissed for lack of jurisdiction and remanded to Rogers Municipal Court for execution of sentence.

The basis of the circuit court's dismissal of the appeal for lack of jurisdiction was Murray's failure to file the appeal within thirty days of the entry of the municipal court judgment. *See* Inferior Ct. R. 9.

Murray appeals the circuit court order and first contends that that court erred in ruling that the handwritten notations by Special Judge McClure at the bottom of the summons was a judgment. He further contends that our Inferior Court Rules do not define what form a judgment must take and that, as a result, we must look to the Arkansas Rules of Civil Procedure for the appropriate rule pursuant to Inferior Ct. R. 10. Rule 10 reads:

> Where applicable and unless otherwise specifically modified herein, the Arkansas Rules of Civil Procedure and rules of evidence shall

apply to and govern matters of procedure and evidence in the inferior courts of this State.

Specifically, Murray cites this court to Ark. R. Civ. P. 58, which requires that every judgment "shall be set forth on a separate document." Because the alleged judgment was not on a separate document, Murray contends it was invalid.

■ We disagree because our Inferior Court Rules contain a specific provision governing entry of judgments. Subsections (b) and (c) of Rule 8 provide:

> (b) *Upon the Merits*. Where the court has decided the case, it shall enter judgment in favor of the prevailing party for the relief to which he is deemed entitled.

> (c) *Docket Entry*. The court shall timely enter in the docket the date and amount of the judgment, whether rendered by default or upon the merits.

Inferior Ct. R. 8(b), (c). Furthermore, we have held that Inferior Ct. R. 8(c) and 9 "reflect that an inferior court, such as the municipal court, enters any judgment it renders by entering, in a timely manner, the date and amount of the judgment in the court's docket." *West Apartments, Inc. v. Booth*, 297 Ark. 247, 250, 760 S.W.2d 861, 863 (1988).

This court has, therefore, made it clear by rule and caselaw that a judgment is entered in municipal court by entering the date and the amount of the judgment in the court's docket. The ultimate question before us is whether Special Judge McClure's notations of his disposition of the case constituted a docket entry for purposes of Rule 8(c). We conclude that it did.

■ The term "docket" is defined in *Black's Law Dictionary* 495 (7th ed. 1999), as "[a] formal record in which a judge or court clerk briefly notes all the proceedings and filings in a court case[.]" As already noted, entry of the date and amount of the judgment in the court's docket is entry of the judgment under our Inferior Court Rules. This procedure is categorically different from the procedure for entry of judgment in courts of general jurisdiction under Ark. R. App. P.—Civ. 4(d) and Administrative Order 2(b)(2), where it is stated that a judgment is entered when stamped "filed" by the clerk.

We turn then to the testimony of Lee Pestel, Chief Court Clerk for the Rogers Municipal Court. She testified in the hearing before the circuit court that because the computers were down, she was using a different file system. She explained the new filing system in this colloquy:

> DEFENSE COUNSEL: Okay, thank you. And, uh, how — after the judge renders a judgment, how do you docket these cases? How do you — what, what is the process of docketing the cases?
>
> MS. PESTEL: Um, the cases are put in a file folder, dated, and then in (*sic*) alphabetical order.
>
> DEFENSE COUNSEL: Okay, in alphabetical order?
>
> MS. PESTEL: Um-hmm.
>
> DEFENSE COUNSEL: Do you — you don't have a docket numbering system, correct? There is no system like you give a case a number in the docket, you just do it by alphabetic order?
>
> MS. PESTEL: We are unable to do that right now.
>
> DEFENSE COUNSEL: Okay. Okay. Now, do you usually docket them the same day or do you sometimes leave it for the next morning? The judge says, tells the people, "You are guilty" or he awards, he awards — he has put it in a file folder. Do you guys usually put it in the file cabinets, the docket file cabinets that same day or sometimes the next morning?
>
> MS. PESTEL: No, sometimes the next morning, sometimes two or three days later.

■ We do not agree with Murray that for a docket entry to be made in municipal court, it must be done in a *docket book*. Certainly, Inferior Ct. R. 8(c) does not require that. In this case the disposition of the case and the penalty were written on the summons and then signed and dated by the Special Judge. That satisfies the definition in *Black's Law Dictionary* and suffices as a docket entry under Inferior Ct. R. 8(c). Moreover, we do not consider the fact that the municipal court clerk may have filed the manila folder in this case one, two, or three days later as material or determinative. Filing the manila folder did not constitute a docket entry. A docket entry occurred when the pertinent information was written on the

summons by the Special Judge. Nor do we read Ms. Pestel's testimony to say that docketing occurred when the manila envelopes were filed.

Because there was an entry of judgment on May 24, 1999, Murray was required to file his appeal in the circuit court clerk's office within thirty days from the date of the entry of judgment. *See* Inferior Ct. R. 9(a). In the instant case, the entry of judgment took place on May 24, 1999, and Murray's thirty days expired on June 23, 1999. Murray filed his notice of appeal and record on June 24, 1999, one day outside of the thirty-day time limit. In appeals from municipal court to circuit court, it is the filing of the municipal court record with the circuit clerk that perfects the appeal. *See* Inferior Ct. R. 9(b). This Court has held that the thirty-day requirement is mandatory and jurisdictional. *See, e.g., Smith v. State*, 316 Ark. 32, 870 S.W.2d 716 (1994); *Ottens v. State*, 316 Ark. 1, 871 S.W.2d 329 (1994); *Allred v. State*, 310 Ark. 476, 837 S.W.2d 469 (1992). Because appellant failed to timely file his appeal in the circuit court, the circuit court was without jurisdiction to decide the appeal and properly dismissed it.

Affirmed.