## Nathaniel CLARK *v.*
## PINE BLUFF CIVIL SERVICE COMMISSION

03-144 120 S.W.3d 541

Supreme Court of Arkansas
Opinion delivered June 26, 2003

*Florence M. Johnson* and *Wilson & Associates*, by: *Ron Wilson*, for appellant.

*Noel F. Bryant*, for appellee.

Annabelle Clinton Imber, Justice. This case arises from the termination of Pine Bluff Police Chief Nathaniel Clark by the Pine Bluff Civil Service Commission. Clark appealed the Commission's decision to the Jefferson County Circuit Court. His appeal was dismissed without prejudice due to his failure to comply with the requirements of Arkansas Inferior Court Rule 9. Clark now appeals the order of dismissal entered by the circuit court. We dismiss Clark's appeal to this court for lack of jurisdiction.

After an executive session of the Pine Bluff Civil Service Commission on August 13, 2002, Chief Clark was terminated. The termination was purportedly based on a finding by the Equal Employment Opportunity Commission "that there was reasonable cause to find that the charging party was subjected to unwelcome and inappropriate sexual comments because of her sex, female." Clark filed a notice of appeal in Jefferson County Circuit Court on September 10, 2002. The Commission filed a motion to dismiss on September 19, 2002, citing two reasons for dismissal: 1) Clark failed to state facts upon which relief could be granted because only subordinate officers have a right to appeal, not the chief; and 2) Clark failed to comply with Inferior Court Rule 9 because he did not file a record with the circuit clerk or file an affidavit with the clerk certifying that no record was available. Clark did not respond to the Commission's motion to dismiss.

The circuit court entered an order granting the Commission's motion to dismiss on October 15, 2002. The circuit court

found that Clark had not responded to the motion to dismiss and had not complied with Inferior Court Rule 9 because he did not file a record of the lower tribunal proceedings or file an affidavit showing that he had requested the record. The appeal was dismissed without prejudice. On November 14, 2002, Clark filed a notice of appeal from the circuit court's order granting the Commission's motion to dismiss. Clark challenges the circuit court's dismissal for two reasons. First, he contends that failure to file an affidavit with the circuit court was "harmless error." Second, he argues that the Commission failed to provide Clark with notice and an opportunity to be heard.[1]

### Right to Appeal

To determine whether Clark complied with the requirements to perfect an appeal, we must first address the purported basis for his right to appeal. The circuit court did not decide whether the right to appeal a Commission decision is limited to subordinate officers, and neither do we. Rather, we are only concerned with the basis of an employee's right to appeal from a decision of the civil service commission to circuit court.

■ ■ The United States Supreme Court has explained that a right to appeal is not based on the federal constitution.

> There is no constitutional requirement that a State provide an appeal at all. "It is wholly within the discretion of the State to allow or not to allow such a review." *McKane v. Durston*, 153 U.S. 684, 687, 14 S.Ct. 913, 915, 38 L.Ed. 867.(1894). If a State

---

[1] Clark included an affidavit by Thelma Walker, former chairperson of the Commission, in the addendum attached to his appellate brief. This affidavit was not part of the record below. Our rules require that an addendum to an appellate brief include documents from the record necessary to our consideration of the issues on appeal and require that the appellant indicate where each document may be found in the record. Ark. Sup. Ct. R. 4-2(a)(8) (2003). This court does not consider matters outside the record. *U.S. Bank, N.A. v. Milburn*, 352 Ark. 144, 100 S.W.3d 674 (2003); *Dodge v. Lee*, 352 Ark. 235, 100 S.W.3d 707 (2003); *In re Estates of Seay*, 352 Ark. 113, 98 S.W.3d 821 (2003); *Turner v. State*, 349 Ark. 715, 80 S.W.3d 382 (2002). We therefore strike the extra-record document from the addendum and do not consider any point on appeal based on the improperly included document. *Boswell, Tucker & Brewster v. Shirron*, 324 Ark. 276, 279, 921 S.W.2d 580, 581 (1996) (declining to consider an affidavit attached to an appellate brief).

decides to confer a right of appeal, it is free to do so "upon such terms as in its wisdom may be deemed proper."

*Evitts v. Lucey*, 469 U.S. 387, 409, 105 S.Ct. 830, 843 (1985). Thus, we must look to our state constitution or statutes to find a right to appeal. *State v. Mills*, 311 Ark. 363, 366, 844 S.W.2d 324, 326 (1992) (noting that generally appeals are granted as a matter of statute). As authority to appeal, both Clark and the Commission cite section 14-56-425 of the Arkansas Code:

> In addition to any remedy provided by law, appeals from final action taken by the administrative and quasi-judicial agencies *concerned in the administration of this subchapter* may be taken to the circuit court of the appropriate county where they shall be tried de novo according to the same procedure which applies to appeals in civil actions from decisions of inferior courts, including the right of trial by jury.

Ark. Code Ann. § 14-56-425 (Repl. 1998) (emphasis added). The parties' reliance on this section is misplaced because section 14-56-425 only applies to administrative and quasi-judicial agencies concerned in the administration of subchapter 4, *Municipal Planning*, of code chapter 56, *Municipal Building and Zoning Regulations — Planning*. The Pine Bluff Civil Service Commission is not governed by this subchapter of the code. The right to appeal from a civil service commission decision is found in Ark. Code Ann. § 14-51-308, along with the procedure to obtain a written ruling and a record:

> (e)(1)(A) A right of appeal by the city or employee is given from any decision of the commission to the circuit court within the jurisdiction of which the commission is situated.
>
> (B)(i) The appeal shall be taken by *filing with the commission,* within thirty (30) days from the date of the decision, a notice of appeal. The responsibility of filing an appeal and paying for the transcript of the proceedings before the municipal civil service commission shall be borne by the party desiring to appeal the commission's decision.
>
> (ii) The commission will upon receiving notice of an appeal prepare a written order containing its decision and ensure that the transcript and evidence be made available for filing in the circuit court once the appealing party has paid the cost of preparing the transcript.
>
> (iii) However, if the court determines that the party appealing the commission's decision took the appeal in good faith and with

reasonable cause to believe he or she would prevail, the commission shall reimburse the appealing party for the cost of the transcript.

(C)(i) The court shall review the commission's decision on the record and may, in addition, hear testimony or allow the introduction of any further evidence upon the request of either the city or the employee.

(ii) The testimony or evidence must be competent and otherwise admissible.

(2)(A) A right of appeal is also given from any action from the circuit court to the Arkansas Supreme Court.

(B) The appeal shall be governed by the rules of procedure provided by law for appeals from the circuit court to the Arkansas Supreme Court.

Ark. Code Ann. § 14-51-308(e) (Supp. 2001) (emphasis added).

Assuming without deciding that Clark has a right of appeal, to initiate such an appeal, Clark would have had thirty days from the date of the Commission's decision in which to file a notice of appeal with the Commission. Ark. Code Ann. § 14-51-308(e)(1)(B)(i). Only then would the Commission have had the obligation to prepare a written order and to make a transcript of the proceedings and evidence available for filing with the circuit court, provided, of course, that Clark had paid for the preparation of the transcript. Ark. Code Ann. § 14-51-308(e)(1)(B)(ii). Although Ark. Code Ann. § 14-51-308(e)(2)(B) specifies that an appeal from circuit court to the supreme court is to follow the appellate rules of procedure, the statute does not specify the rules of procedure to be followed to perfect an appeal to the circuit court after the Commission has issued a written decision and prepared the transcript.

*Procedure of an Appeal from a Civil Service Commission*

■ ■ We have a constitutional mandate to prescribe the rules of procedure governing the courts of this state. Ark. Const. amend. 80, § 3. Even prior to the effective date of Amendment 80, we held that where a conflict existed between our rules and statutory provisions, our rules would remain supreme. *Pike Ave. Dev. Co. v. Pulaski County*, 343 Ark. 338, 37 S.W.3d 177 (2001); *Hawkins v. City of Prairie Grove*, 316 Ark. 150, 871 S.W.2d 357 (1994). The statute at issue here is silent on the procedure to be followed in

perfecting an appeal from the commission to the circuit court. Inferior Court Rule 9 governs the procedure for an appeal from inferior court to circuit court. Inferior Ct. R. 9 (2003). Rule 9 has been used to govern the procedure for appeals from municipal and county boards and commissions. *See, e.g.,* Ark. Code Ann. §§ 14-17-211, 14-56-425; *Douglas v. City of Cabot,* 347 Ark. 1, 59 S.W.3d 430 (2001). Therefore, we hold that once the requirements of Ark. Code Ann. § 14-51-308(e)(1)(B) have been met, an appeal from a decision of the civil service commission to circuit court should proceed in accordance with the rules of this court governing an appeal from inferior courts.

■ In the instant case, even assuming without deciding that section 14-51-308(e)(1)(B) is applicable to Clark, he would have had thirty days from the entry of the Commission's written decision to file a record with the circuit court or to file an affidavit showing that he had requested a record from the Commission. Inferior Ct. R. 9(c). The circuit court was correct in its finding that Clark's failure to comply with the filing requirements of Rule 9 required the dismissal of the case. Strict compliance with the requirements of Rule 9 is necessary; substantial compliance will not suffice. *J&M Mobile Homes, Inc. v. Hampton,* 347 Ark. 126, 60 S.W.3d 481 (2001). Where an appeal falls under Rule 9, compliance with its requirements is mandatory and jurisdictional, and failure to comply precludes the circuit court from exercising jurisdiction over the appeal. *Douglas v. City of Cabot, supra; Murray v. State,* 344 Ark. 7, 37 S.W.3d 641 (2001); *State v. Dawson,* 343 Ark. 638, 38 S.W.3d 319 (2001); *Pike Ave. Dev. Co. v. Pulaski County, supra; Night Clubs, Inc. v. Fort Smith Planning Comm'n,* 336 Ark. 130, 984 S.W.2d 418 (1999); *Board of Zoning Adjustment of the City of Little Rock v. Cheek,* 328 Ark. 18, 942 S.W.2d 821 (1997). "Further, it is the duty of the counsel, not the judge, clerk, or reporter, to perfect the appeal." *Edwards v. City of Conway,* 300 Ark. 135, 137, 777 S.W.2d 583, 584 (1989). If the trial court lacked subject-matter jurisdiction, we also lack subject-matter jurisdiction. *Vanderpool v. Fid. & Cas. Ins. Co.,* 327 Ark. 407, 939 S.W.2d 280 (1997).

■ We therefore hold that we lack subject-matter jurisdiction to hear this appeal. Accordingly, we do not reach the merits of Clark's argument. Likewise, we render no decision on the Commission's contention that the right to appeal from a civil ser-

vice commission's decision is not available to a chief of police, but is limited to subordinate employees.

Appeal dismissed.

CORBIN, J., not participating.