
# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-16-148

| | |
|---|---|
| | Opinion Delivered: September 13, 2017 |
| DON PAUL BALES<br>APPELLANT | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. 66FCV-15-30] |
| V. | |
| CITY OF FORT SMITH, ARKANSAS<br>APPELLEE | HONORABLE STEPHEN TABOR, JUDGE |
| | AFFIRMED |

## DAVID M. GLOVER, Judge

Don Paul Bales appeals from the Sebastian County Circuit Court's dismissal of his wrongful-termination lawsuit against the City of Fort Smith (the City). The circuit court determined that it was without jurisdiction to hear Bales's case because he had not timely filed his notice of appeal with the Fort Smith Civil Service Commission (Commission). In his appeal to our court, Bales contends 1) the trial court had jurisdiction under Rule 9 of the Arkansas District Court Rules; 2) Arkansas Code Annotated section 14-51-308 (Repl. 2013) is not jurisdictional; and 3) even if the filing requirements of section 14-51-308 are jurisdictional, his notice of appeal to the Commission was in fact timely because the City had previously conceded its timely filing and because the Commission's initial decision and order occurred after the close of business on November 4, 2014, making November 5 the

critical date for purposes of filing his appeal with the Commission. Finding no error, we affirm the trial court's dismissal of this case for lack of jurisdiction.[1]

Bales was fired by the Fort Smith Police Department on October 20, 2014. He appealed his termination to the Commission. Hearings were held before the Commission on November 3 and 4, 2014. The termination was affirmed by oral announcement from the Commission and preparation of an order on November 4, 2014.

Bales states that he sent his notice of appeal to the Commission, Fort Smith counsel, and the court reporter by mail postmarked December 4, 2014, and that he e-mailed a courtesy copy to the Commission chairman and counsel on December 5, 2014, at 5:35 a.m. The Commission's findings of fact, conclusions of law, and final order are dated December 11, 2014. On January 12, 2015, Bales filed his complaint in circuit court seeking reinstatement as sergeant with the police department. He attached, inter alia, to his complaint both his original notice of appeal to the Commission and an amended notice of appeal, which he filed after the Commission's December 11, 2014 order had been entered. The Commission transcript was lodged in the trial court on February 2, 2015.

On January 22, 2015, the City filed its first motion to dismiss. In it, the City contended that Bales had not complied with Rule 9 in appealing the Commission's decision to circuit court because neither the complaint (notice of appeal) nor the lodging of the

---

[1]The Supreme Court of Arkansas accepted certification of this case to determine whether it was required by law, pursuant to Ark. Code Ann. § 14-51-308, to hear civil-service-commission appeals. The supreme court concluded that "civil-service-commission appeals are not required by law to be heard by the supreme court pursuant to Arkansas Supreme Court Rule 1-2(a)(8)." *Bales v. City of Fort Smith*, 2017 Ark. 161, at 4, 518 S.W.3d 76, 78. Therefore, jurisdiction lies in our court to decide this appeal. *See also Little Rock Police Dep't v. Phillips*, 2017 Ark. 165.

record had been timely under the rule. The parties responded to each other's arguments, and on March 10, 2015, the trial court entered its order denying the City's motion to dismiss, determining that Bales had timely filed his complaint (notice of appeal) and timely lodged the Commission record as required by Rule 9.

On August 19, 2015, the City filed another motion to dismiss, this time arguing that the trial court was without jurisdiction to hear the case because Bales's initial December 5 notice of appeal to the Commission was not timely. Bales countered by arguing, in part, that the City had conceded in various ways the timeliness of his notice of appeal to the Commission. He further argued that the requirements for filing a notice of appeal with the Commission pursuant to section 14-51-308 were not jurisdictional; rather, it was satisfaction of Rule 9's requirements that established jurisdiction in circuit court. On October 19, 2015, the trial court entered an order concluding that it was without jurisdiction to hear Bales's case because he did not file his notice of appeal with the Commission within thirty days of the Commission's decision as required by section 14-51-308. This appeal to our court followed.

Bales's three points of appeal are interrelated and can best be discussed together. His basic contention is that the filing requirements of Arkansas Code Annotated section 14-51-308 are not jurisdictional; that section 14-51-308 merely embodies the right to an appeal and the procedure for obtaining a written ruling and a record from the Commission; and that Rule 9 then governs the procedure for establishing jurisdiction in the circuit court. Alternatively, he contends that even if our court should agree that the failure to satisfy the filing requirements of section 14-51-308 deprives a circuit court of exercising jurisdiction

over a Commission case, his notice of appeal was, in fact, timely filed with the Commission.

We disagree.

Rule 9(f) of the Arkansas District Court Rules provides in pertinent part:

RULE 9.  APPEALS TO CIRCUIT COURT

. . . .

(f) Administrative Appeals.
(1) *If an applicable statute provides a method for filing an appeal from a final decision of any governmental body or agency and a method for preparing the record on appeal, then the statutory procedures shall apply.*
(2) *If no statute addresses how a party may take such an appeal or how the record shall be prepared*, then the following procedures apply.
(A) Notice of Appeal. A party may appeal any *final* administrative decision by filing a notice of appeal with the clerk of the circuit court having jurisdiction of the matter within thirty (30) days from the date of that decision. The notice of appeal shall describe the *final* administrative decision being appealed and *specify the date of that decision. The date of decision shall be either the date of the vote, if any, or the date that a written record of the vote is made.* The party *shall serve the notice of appeal* on all other parties, *including the governmental body or agency*, by serving any person described in Arkansas Rule of Civil Procedure 4(d)(7), *by any form of mail that requires a return receipt.*
(B) The Record on Appeal. Within thirty (30) days after filing its notice of appeal, the party shall file certified copies of all the materials the party has or can obtain that document the administrative proceeding. Within thirty (30) days after these materials are filed, any opposing party may supplement the record with certified copies of any additional documents that it believes are necessary to complete the administrative record on appeal. At any time during the appeal, any party may supplement the record with a certified copy of any document from the administrative proceeding that is not in the record but the party believes the circuit court needs to resolve the appeal.

(C) Procedure on Appeal. As soon as practicable after all the parties have
made their initial filing of record materials, the court shall establish a
schedule for briefing, hearings, and any other matters needed to resolve
the appeal.

(Emphasis added.)

In short, section (f) of Rule 9 specifically addresses administrative appeals, but it opens

by directing a person who wishes to appeal an administrative decision to go to the applicable

statute first. Here, the applicable statute is section 14-51-308, which provides in part:

(e)(1)(A) A right of appeal by the city or employee is given from any decision of the
commission to the circuit court within the jurisdiction of which the commission is
situated.
    (B)(i) The appeal *shall* be taken by *filing with the commission, within thirty (30)
days from the date of the decision*, a notice of appeal. The responsibility of filing an appeal
and paying for the transcript of the proceedings before the municipal civil service
commission shall be borne by the party desiring to appeal the commission's decision.
    (ii) Upon receiving notice of an appeal, the commission will prepare a written
order containing its decision and ensure that the transcript and evidence be made
available for filing in the circuit court once the appealing party has paid the cost of
preparing the transcript.

(Emphasis added.) Section 14-51-308(B)(i) thus provides that the appeal "shall" be taken

by filing a notice of appeal with the Commission within thirty days from the date of the

decision, which then alerts the Commission to prepare a final written order and to get the

record ready for filing in the circuit court.

We begin our discussion by examining whether the thirty-day time limit for Bales

to file his notice of appeal with the Commission began on November 4, 2014, as found by

the trial court, or November 5, 2014, as argued by Bales. It is undisputed the Commission

announced its decision on November 4, 2014, at the conclusion of the two-day hearing.

Also on November 4, 2014, the Commission prepared its initial written order, and it was

signed by all the commissioners. The Commission's record keeper also notarized and signed the order on November 4, 2014.

We are not convinced by Bales's argument that the initial decision was made "after business hours" and therefore was not "entered of record" until the next day, *i.e.*, November 5. Section 14-51-308 provides that an appeal of a Commission decision "shall be taken by *filing* with the commission, within thirty (30) days *from the date of the decision*, a notice of appeal." (Emphasis added.) The statute does not define "date of the decision," and it does not specify that the decision starting the clock is to be "final"—just that an appeal of a Commission decision shall be taken by filing a notice of appeal with the Commission within thirty days from the "date of the decision." We find no clear error with the circuit court's finding that the Commission made its initial decision on November 4, 2014, and that the thirty-day time limit for Bales to file his notice of appeal with the Commission pursuant to section 14-51-308 was triggered on that date. Even though Bales postmarked his notice of appeal on December 4, 2014, he did not file it with the Commission until December 5, 2014, which was one day beyond the thirty-day time limit.

Because Bales did not file his notice of appeal with the Commission within thirty days from the November 4 decision, we next address Bales's contention that the circuit court erred in concluding it was thereby deprived of jurisdiction to hear the case because the filing requirements of section 14-51-308 are jurisdictional. Bales argues that, for jurisdictional purposes, the only precipitous date in this case was December 11, 2014, when the Commission's "final" order, containing its findings of fact and conclusions of law, was signed. He further contends that his amended notice of appeal, filed on January 12, 2015,

was therefore timely, noting that January 11 fell on a Sunday that year, which brought January 12 within Rule 9's thirty-day time frame. The circuit court disagreed and started the jurisdictional clock on November 4, 2014, pursuant to section 14-51-308, concluding that Bales's failure to file his notice of appeal with the Commission within thirty days from the initial November 4, 2014 decision prevented the perfection of an appeal to the circuit court. We agree.

We review a circuit court's interpretation of statutes and court rules de novo, with no deference to the circuit court's interpretation. *Evins v. Carvin*, 2013 Ark. App. 185, 426 S.W.3d 549. We find no error in the circuit court's conclusion that it was without jurisdiction to hear Bales's case because he failed to satisfy the filing requirements contained in section 14-51-308.

It is undisputed that compliance with Rule 9's requirements is mandatory and jurisdictional, and failure to comply precludes the circuit court from exercising jurisdiction over an appeal from an administrative decision. *Clark v. Pine Bluff Civ. Serv. Comm'n*, 353 Ark. 810, 120 S.W.3d 541 (2003). As we have previously discussed, Rule 9 addresses administrative appeals in subsection (f) and specifically provides: "If an applicable statute provides a method for filing an appeal from a final decision of any governmental body or agency and a method for preparing the record on appeal, the statutory procedures shall apply." As we have also previously discussed, Arkansas Code Annotated section 14-51-308 is the applicable statute with respect to appeals from civil-service-commission decisions. Although the statute has been quoted at length earlier, we emphasize here that it provides that if the right of appeal from a Commission decision is to be exercised, "[t]he appeal *shall*

be taken by *filing with the commission, within thirty (30) days from the date of the decision*, a notice of appeal." Ark. Code Ann. § 14–51–308(e)(B)(i) (emphasis added). It further provides that "[u]pon receiving notice of an appeal, the commission will prepare a written order containing its decision and ensure that the transcript and evidence be made available for filing in the circuit court once the appealing party has paid the cost of preparing the transcript." *Id.* § 14–51–308(e)(B)(ii). The statute itself does not go further in setting requirements for what must then be done in circuit court to perfect an appeal to that court.

While not controlling in the instant case because of distinguishable facts and issues, our supreme court nevertheless provided a helpful discussion in *Barrows v. City of Fort Smith*, 2010 Ark. 73, 360 S.W.3d 117, concerning the jurisdictional interplay between section 14–51–308 and Rule 9. The court in *Barrows* explained that the "right to appeal from a Civil Service Commission decision, and the procedure for effectuating that appeal, is found in section 14–51–308 . . . ." *Id.* at 6, 360 S.W.3d at 121. The court then quoted the pertinent provisions of section 14–51–308, which we have already done, and further explained that "the statute does not specify the rules of procedure to be followed to perfect an appeal to the circuit court after the Commission has issued a written decision and prepared the transcript." *Id.* at 7, 360 S.W.3d at 122. In addressing the resulting statutory hole regarding procedural rules for perfecting an appeal to circuit court after a Commission has issued its written decision and prepared the transcript, the court quoted the following holding from *Clark, supra*, "Therefore, we hold that *once the requirements of Ark. Code Ann. § 14-51-308(e)(1)(B) have been met*, an appeal from a decision of the civil service commission to circuit court should proceed in accordance with the rules of this court governing an appeal from

inferior courts." *Id*. at 7–8, 360 S.W.3d at 122 (emphasis added). The *Barrows* court concluded that "[b]ased on a plain reading of the statute, our court rules, and this court's decision in *Clark*, Barrow's failure to comply with the statutory requirements for appealing the Commission's decision to the circuit court in a timely manner subsequently deprived the circuit court of jurisdiction over the civil-service appeal." *Id*. at 9, 360 S.W.3d at 123.

Because section 14-51-308 and Rule 9 are so interconnected concerning the procedural requirements for perfecting an appeal from a civil-service-commission decision to our circuit courts, we hold that the statutory filing requirements with respect to the Commission are jurisdictional, as is true for Rule 9's filing requirements with respect to the circuit court. Accordingly, as is true for Rule 9's requirements, strict compliance with these statutory requirements is also necessary, and substantial compliance will not suffice. In filing his notice of appeal with the Commission even just one day beyond the thirty-day statutory limit, Bales may have substantially complied, but he did not strictly comply.

Because we agree with the trial court that the time limit imposed in section 14-51-308 is jurisdictional and that Bales did not comply, it is unnecessary to further address Rule 9 and its subsequent jurisdictional role in perfecting an appeal from the Commission's decision to circuit court. *See, e.g.*, *Clark v. Pine Bluff Civil Serv. Comm'n*, 353 Ark. 810, 815, 120 S.W.3d 541, 544–45 (2003) (holding that "once the requirements of Ark. Code Ann. § 14–51–308(e)(1)(B) have been met, an appeal from a decision of the civil service commission to circuit court should proceed in accordance with the rules of this court governing an appeal from inferior courts."). Bales's failure to satisfy the time-limit

SLIP OPINION

requirements of section 14-51-308 for filing his notice of appeal with the Commission ended the matter, and the circuit court was correct in concluding it was without jurisdiction.

Finally, we are not persuaded by Bales's argument that the City's earlier "concession" that his appeal to the Commission was timely filed somehow cures the jurisdictional problem. As noted by the trial court, jurisdictional issues cannot be waived, *Russell v. Arkansas Dep't of Human Servs.*, 2014 Ark. App. 734, and jurisdictional challenges may be raised at any time, *Odyssey Healthcare Operating A. LP v. Arkansas Dep't of Human Servs.*, 2015 Ark. App. 459, 469 S.W.3d 381.

Affirmed.

WHITEAKER and HIXSON, JJ., agree.

*Pinnacle Law Firm, PLLC*, by: *Matthew D. Campbell*, for appellant.

*Daily & Woods, P.L.L.C.*, by: *Colby T. Roe* and *Wyman R. Wade, Jr.*, for appellee.