BRANDON J. HARRISON, Judge
"Beware! The Devil is in the details." This warning applies full-force to Arkansas District Court Rule 9, whose reticulated structure continues-with some justification-to bedevil lawyers and courts alike. This appeal presents the most recent example.
The incorporators of the community called Little Italy appeal the Pulaski County Circuit Court's order that dismissed Little Italy's appeal from Pulaski County Court. The circuit court ruled that Little Italy failed to perfect its appeal in accordance with Arkansas District Court Rule 9 (2016). Little Italy disagrees and asks this court to reinstate its case in the circuit court.
Because we will repeatedly refer to Arkansas District Court Rule 9, we reproduce the pertinent parts now:
(b) How Taken From District Court.
(1) A party may take an appeal from a district court by filing with the clerk of the circuit court having jurisdiction of the appeal (i) a certified copy of the district court's docket sheet which shows the entry awarding judgment and all prior entries or a certified copy of the record of the district court proceedings consisting of all documents and motions filed in the district court, and (ii) a certified copy of the complaint filed in the district court or, if filed in accordance with Rule 10 of these rules, a certified copy of the claim form filed in the small claims division of the district court. Neither a notice of appeal nor an order granting leave to appeal shall be required.
The appealing party shall serve upon counsel for all other parties and upon any party not represented by counsel, certified copies of the district court docket sheet or the district court record and a certified copy of the district court complaint or claim form. Service upon counsel or a party not represented by counsel shall be effected as follows:
(A) By sending the copies by any form of mail requiring a signed receipt;
(B) By delivering the copies as described in Arkansas Rule of Civil Procedure 5(b)(2) ;
(C) By sending the copies by a commercial delivery company as described in Arkansas Rule of Civil Procedure 5(b)(2) ; or
(D) If service is upon counsel, by sending the copies by electronic transmission as described in Arkansas Rule of Civil Procedure 5(b)(2). If service is *507 by mail, the signed receipt shall be attached to the certificate of service.
....
(3) If service of the certified copies of the district court docket sheet or record and the complaint or claim form is not made within 120 days after filing the district court complaint or claim form with the circuit court or within the time period established by an extension granted pursuant to this subdivision, the action shall be dismissed without prejudice upon motion or upon the court's initiative. ...
(c) Procedure on Appeal from District Court.
(1) All the parties shall assert all their claims and defenses in circuit court. Within 30 days after a party serves upon counsel for all other parties, and upon any party not represented by counsel, certified copies of the district court docket sheet or district court record and a certified copy of the district court complaint or claim form, the party who was the defendant in district court shall file its answer, motions, and claims within the time and manner prescribed by the Arkansas Rules of Civil Procedure and the case shall otherwise proceed in accordance with those rules.
....
(e) Special Provisions For Appeals From County Court to Circuit Court. Unless otherwise provided in this subdivision, the requirements of subdivisions (a), (b), (c), and (d) govern appeals from county court to circuit court. A party may take an appeal from the final judgment of a county court by filing a notice of appeal with the clerk of the circuit court having jurisdiction over the matter within thirty (30) days from the date that the county court filed its order with the county clerk. A certified copy of the county court's final judgment must be attached to the notice of appeal. In the circuit-court proceeding, the party who was the petitioner or plaintiff in county court shall have all the obligations of the plaintiff in a case that has been appealed from district court to circuit court. If there were no defendants in the county-court proceedings, then the petitioner/plaintiff shall name all necessary, adverse parties as defendants in its complaint filed in circuit court.
Ark. Dist. Ct. R. 9(b), (c), (e).
In May 2015, Little Italy filed a petition with the Pulaski County clerk seeking to incorporate itself into a town. In February 2016, the county court denied the petition. Little Italy appealed to the Pulaski County Circuit Court by filing a notice of appeal in the circuit court and attaching a certified copy of the county court's judgment. The notice of appeal named Pulaski County as the only defendant.
Central Arkansas Water moved to intervene in the circuit court. It argued that it was an interested party that had appeared at the county court hearing and owned land within the boundaries of the proposed town. The motion was granted. That same day, Central Arkansas Water moved the circuit court to dismiss Little Italy's notice of appeal because it had failed to timely perfect an appeal and to state its claims. Specifically, Central Arkansas Water argued that Little Italy had failed to comply with District Court Rule 9(b)(3), which requires service of a certified copy of the district court docket sheet or record, and the complaint or claim form, within 120 days. Central Arkansas Water also argued that Little Italy did not satisfy District Court Rule 9(c), which requires that a party make all its claims in circuit court. Pulaski County filed a similar motion to dismiss and adopted Central Arkansas Water's motion.
*508 Little Italy responded that it had properly perfected its appeal pursuant to Rule 9(e) by filing in the circuit court a notice of appeal and a certified copy of the county court's final judgment with the circuit court. Little Italy argued that Rule 9(e)'s filing requirement was in lieu of, not in addition to, subsection (b)'s requirement that an appealing party file either a certified copy of the district court's docket sheet-or a certified copy of the record and either a certified copy of the complaint or the claim form. Little Italy also disagreed that it had failed to sufficiently state its claims in the circuit court, citing Rule 9(b)(1)(D), which provides that the filing of the appeal documents "shall constitute the filing of the complaint for purposes of commencing the action in circuit court in accordance with Arkansas Rule of Civil Procedure 3(a)." Therefore, Little Italy argued, Rule 9 did not require it to draft and file in the circuit court a new complaint. Little Italy also said that its notice of appeal clearly stated the only claim it pressed in the county court: that the county court judgment should be reversed and that Little Italy should be permitted to incorporate.
Pulaski County replied in the circuit court that Little Italy had the obligation to assert its claims and the bases for its claims and had "butcher[ed]" the language of Rule 9(b)(1)(D), which actually states, "The filing of the certified copy of the district court complaint or claim form with the clerk of the court shall constitute the filing of the complaint for purposes of commencing the action in circuit court in accordance with Arkansas Rule of Civil Procedure 3(a)." (Emphasis added.) Central Arkansas Water argued that the motion to dismiss should be granted because Little Italy had failed to name all necessary parties (and specifically failed to name Central Arkansas Water) as required by Rule 9(e); failed to serve Central Arkansas as required by Rule 9(b)(1); and failed to attach the county court record to its notice of appeal.
The circuit court held a hearing on 12 October 2017. Much of what was argued to the county court was reargued to the circuit court. We will repeat enough of the second round to make the point. Among other things, Pulaski County argued that Little Italy had failed to set out the basis for the appeal in the form of a complaint or claim form. Central Arkansas Water argued, among other things, that Little Italy had erroneously not included it as a named defendant and that Little Italy had failed to identify its claims in the circuit court as required by Rule 9(c).
Little Italy argued that it perfected its appeal when it filed its notice of appeal with a certified copy of the county court's judgment. It also argued that it did not have an opposing party below but that it named Pulaski County as an adverse party because it was the entity that had determined incorporation was not appropriate. The remainder of its proper-party arguments are variations on a theme. More to this appeal's point, Little Italy told the circuit court that under Rule 9(c)(2), it was not required to file any other part of the county court record because "[t]he only thing we dispute is the final judgement." And again, Little Italy reiterated that even if additional county court documents needed to be filed, it was a procedural issue, not a jurisdictional death knell.
After expressing its concern that the rules governing appeals from district court or county court are "pretty vague," the circuit court found this:
The problem I have is that in 9(e) they said that the certified copy of the County Judge's final judgment must be attached to the notice of appeal in the circuit court proceeding. The party who *509 is the petitioner or plaintiff in the county court shall have all the obligations of the plaintiff in a case that has been appealed from the district court to circuit [court]. And, and those obligations are that you've got to file the complaint and, and restate the issues and the reasons why you're appealing. And if there were no defendants in the county court proceeding, then petitioner/plaintiff shall name all necessary adverse parties as defendants. And we have that problem.
I'm going to grant the motion[.] ... I'm going to let you guys prepare a record and notice of appeal and then take it up and let them decide, and then to clarify this. And if, if I'm wrong, we can have a trial and make a decision.
The circuit court disagreed that refiling the complaint was procedural instead of jurisdictional and found that Central Arkansas Water should have been named as a party. The circuit court's written order adopted and incorporated its findings made at the hearing. Little Italy timely appealed the circuit court's order.
Here, Little Italy argues that its appeal was perfected when it filed a notice of appeal and a certified copy of the county court's judgment with the circuit court. It denies that it was also required to comply either with Rule 9(b) by filing a certified copy of the docket sheet-or a certified copy of the record and a certified copy of the complaint or claim form-or with Rule 9(c) by filing a complaint. Alternatively, Little Italy contends that its notice of appeal provides all the information required for a complaint and therefore substantially complies with Rule 9(c). Next, Little Italy asserts that while Central Arkansas may be an interested party, it was not a necessary party because "the County's interest and the interest of any party opposing incorporation of the Little Italy, including Central Arkansas, are the same."
Central Arkansas responds that the plain language of Rule 9(e), supported by the comments to the rule, requires a party appealing from county court to circuit court to (1) file a notice of appeal with a certified copy of the county court judgment attached, and (2) file a complaint naming all necessary adverse parties as defendants in the case. As we have stated, Rule 9(e) provides that
[a] party may take an appeal from the final judgment of a county court by filing a notice of appeal with the clerk of the circuit court having jurisdiction over the matter within thirty (30) days from the date that the county court filed its order with the county clerk. A certified copy of the county court's final judgment must be attached to the notice of appeal. In the circuit-court proceeding, the party who was the petitioner or plaintiff in county court shall have all the obligations of the plaintiff in a case that has been appealed from district court to circuit court. If there were no defendants in the county-court proceedings, then the petitioner/plaintiff shall name all necessary, adverse parties as defendants in its complaint filed in circuit court.
The comments to the 2008 amendment to Rule 9(e) explain that
[s]ome cases in county court involve petitioners and respondents, rather than plaintiffs and defendants, and some have no adverse party named. New subdivision (e) addresses these issues by making the party who sought relief in the county court the plaintiff in any appeal to circuit court and obligates that party to open the pleadings with a complaint naming all necessary, adverse parties as defendants.
Ark. Dist. Ct. R. 9(e) (reporter's notes to 2008 amend.) (emphasis added). Based on this language, Central Arkansas Water argues that the complaint is a necessary *510 component, in addition to the notice of appeal, to perfect an appeal in circuit court. Though Little Italy filed the required notice of appeal, it did not also file a complaint. Consequently, the circuit court never acquired jurisdiction over the case and correctly dismissed Little Italy's appeal.
There was more argument on the issues, but the points have been made well enough. The circuit court granted the motion to dismiss because Little Italy had failed to file a complaint; and it failed to name all the necessary adverse parties.
We hold that Rule 9(e) required Little Italy to file in the circuit court a notice of appeal with an attached certified copy of the county court's judgment; and it was required to file a complaint naming all the necessary adverse parties to perfect its appeal. The plain language of the rule defeats Little Italy's assertion that its notice of appeal should be treated as a complaint. Rule 9 (as bolstered by the reporter's notes) requires both a notice of appeal and a complaint.
Our supreme court has made it clear that compliance with Rule 9 must be strict; substantial compliance will not suffice. Clark v. Pine Bluff Civil Serv. Comm'n , 353 Ark. 810, 120 S.W.3d 541 (2003). More recently, it has stated that parties must strictly comply only with subsections (b), (e), and (f) of Rule 9, which relate to perfecting appeals. Circle D Contractors, Inc. v. Bartlett , 2013 Ark. 131, 2013 WL 1279062. Subsection (e) is at issue in this appeal; and it was expressly called out in Circle D as being one that must be strictly applied.
If a party fails to perfect an appeal from an inferior tribunal to a circuit court in the time and manner provided by law, the circuit court never acquires jurisdiction of the appeal. Bd. of Zoning Adjustment v. Cheek , 328 Ark. 18, 942 S.W.2d 821 (1997). Because Little Italy failed to perfect its appeal by filing a complaint in the circuit court, the circuit court never acquired jurisdiction over the appeal from the county court. Because the circuit court lacked jurisdiction, this court lacks it too. Consequently, the appeal must be dismissed. Motor Cars of Nashville, Inc. v. Chronister , 2014 Ark. App. 430, 439 S.W.3d 101. We need not and do not address whether Central Arkansas Water was a necessary party and whether its argument had jurisdictional significance.
Dismissed.
Abramson and Brown, JJ., agree.