Misty RHINE *v.*
ARKANSAS DEPARTMENT of HUMAN SERVICES

CA 06-137                                                278 S.W.3d 118

Court of Appeals of Arkansas
Opinion delivered February 27, 2008

[Rehearing denied March 19, 2008.]

*Glen Hoggard*, for appellant.

*Gray Allen Turner*, Office of Chief Counsel, for appellee.

*Diane Warren*, attorney *ad litem*, for the minor child.

J OSEPHINE LINKER HART, Judge. Misty Rhine's parental rights to her son A.I. were terminated by a Washington County Circuit Court order entered on October 27, 2005. In this appeal, she asserts that the circuit court abused its discretion in denying a continuance to allow her to execute a consent and waiver so that her mother could adopt A.I. We agree that, under the circumstances of this case, such a refusal amounted to an abuse of discretion. Therefore, we reverse and remand.

The facts leading to the termination of Rhine's parental rights are set forth in our opinion in *Ivers v. Arkansas Department of Human Services*, 98 Ark. App. 57, 250 S.W.3d 279 (2007), where we addressed the termination of the parental rights of both of A.I.'s parents.[1]

At the outset of the termination hearing, Rhine sought a continuance so that she could execute a consent so that her mother, Helen King, could adopt A.I. The following colloquy took place.

> THE COURT: So, we're here today on the [A.I.] Case set for a Dependent-Neglect Termination. Call your first, Ms. McIlroy.
>
> Ms. SEGERS [attorney for Rhine]: Your Honor, may I ask for everyone to approach?
>
> THE COURT: Yes.
>
> Ms. SEGERS: Your Honor, my client has informed me this morning that she is willing to sign a consent of adoption, and I did not have one drawn up because I did not know that. And I understand Mr. Ivers is, too. They would like to have the baby placed with Ms. King, the grandmother who has the step-child — I mean the —

---

[1] In *Ivers*, we denied Rhine's counsel's motion to withdraw and ordered rebriefing on the merits. On September 5, 2007, we again denied Rhine's counsel's motion to withdraw and again ordered rebriefing on the merits. *Rhine v. Arkansas Dep't of Human Servs.*, No. CA06-137 (Ark. App. Sept. 5, 2007). Counsel has now filed a brief complying with our earlier orders.

MR. CASTO [attorney for Ivers]: Sibling.

Ms. SEGERS: — the sibling. And I believe Ms. King is in agreement with that, so if we — I just thought I would bring it to the Court's attention that they will sign a consent, and it could occur ten days from now if we can get the consent, and the termination would be automatic at that point in time and have the baby, if possible, placed with its sibling with Ms. King, who is in agreement.

THE COURT: All right, so you're asking for a continuance, then, today, on the Termination Hearing?

Ms. SEGERS: Yes.

THE COURT: Okay, and, Ms. Warren, do you have any objection?

Ms. WARREN [attorney ad litem]: I think we need to have the Termination by October 12th unless — the Petition, I believe, was filed on July 12th.

THE COURT: Okay, Ms. McIlroy?

Ms. McILROY [attorney for DHS]: As long as we can do it within that time frame.

THE COURT: Well, you're going to be out for training.

Ms. McILROY: I know. Not until the 19th.

THE COURT: So, I think we're just going to press on today because — did you say the 17th is when?

Ms. McILROY: The 12th.

MR. CASTO: 12th, Your Honor.

Ms. WARREN: July 12th.

THE COURT: You're not going to be here next week, is that correct?

Ms. McILROY: I'll be on vacation.

THE COURT: Right.

Ms. McILROY: Susan will be here, yeah.

THE COURT: No Melinda McIlroy all week, and it's a Termination, so I'm not going to put that on Ms. Hall. And then the next week —

Ms. WARREN: We're at October 12th. We can go one day past for as —

THE COURT: Well, it's not any better than today, so we're going to just press on today. I deny the —

Ms. McILROY: You can go anytime for good cause.

Ms. WARREN: That's true.

THE COURT: We're going to press on today. I'll deny the motion for a continuance. Call your first, Ms. McIlroy.

Arkansas Code Annotated section 9-27-341(d) requires that termination hearings shall be completed within ninety days of the date of the petition unless continued for good cause. In addressing the continuance, the court did not consider the effect a continuance would have on obtaining permanency for A.I., who was in his third foster home. A continuance to allow for the adoption of A.I. by King would have accomplished permanency for A.I. quicker than could be available if the court and DHS proceeded with an ordinary termination case because the rights of the father would still have had to be terminated. According to the colloquy, the father was willing to consent to the adoption. Further, the adoption would have allowed A.I. to be placed with his sibling whom King has already adopted, a factor sanctioned by our supreme court. *See In re Adoption of Perkins/Pollnow*, 300 Ark. 390, 779 S.W.2d 531 (1989) (upholding a finding that it was in the child's best interest to grant adoption to parents who had previously adopted child's two siblings). In *Ivers*, we noted our disagreement with the idea that the termination of parental rights would lead to greater stability for A.I., especially where placement with King was

the primary option under consideration at that time. 98 Ark. App. at 68, 250 S.W.3d at 286. We also noted that this would be a less extreme remedy than would the termination of Rhine's parental rights. *Id.* at 69, 250 S.W.3d at 287.

The consideration of factors such as the attorney for DHS being on vacation and that there was an upcoming training event created a false dilemma because the circuit court clearly had the discretion to go beyond the ninety-day limit in section 9-27-341(d) upon a finding of good cause. It cannot be said that providing permanency for A.I. in a more timely manner and the keeping of the siblings together is not good cause for exceeding the ninety-day period in section 9-27-341(d) by only a few days at most. Although concern with accommodating the attorney for DHS and her vacation are important, those considerations pale in comparison to the serious consequences at stake for Rhine and A.I. Further, the court did not exercise its discretion under the statute, even after the attorney ad litem and DHS attorney pointed it out to the court. Under these circumstances, we hold that the circuit court abused its discretion in denying Rhine's motion for a continuance. We reverse and remand for further orders consistent with this opinion.

Reversed and remanded.

BIRD and MARSHALL, JJ., agree.