



# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-14-926

| | |
|---|---|
| | **Opinion Delivered** February 18, 2015 |
| MARISSA WARD AND JOSHUA WARD | |
| APPELLANTS | APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT  [NO. JV-2012-298 (III)] |
| V. | |
| | HONORABLE JIM D. SPEARS, JUDGE |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES | |
| APPELLEE | AFFIRMED |

**M. MICHAEL KINARD, Judge**

Marissa and Joshua Ward appeal from an order terminating their parental rights to their three children, who were then five, three, and two years of age. Appellants do not challenge the sufficiency of the evidence to support the trial court's findings that the Arkansas Department of Human Services ("ADHS") proved multiple grounds for termination of their parental rights or its finding that the children's best interest required termination. Instead, they argue for the first time on appeal that the trial court lacked jurisdiction to reopen a prior, closed dependency-neglect case. Because we have recently held that the circuit courts have subject-matter jurisdiction to hear and decide termination cases, *Russell v. Arkansas Department of Human Services*, 2014 Ark. App. 734, and because appellants did not preserve the issue of the trial court's authority by appropriate objection below, we affirm without reaching the merits of the argument.

SLIP OPINION

Appellants' contact with ADHS began in May 2012, when the children were taken into ADHS custody because of extreme environmental neglect. The children were adjudicated dependent-neglected, and a variety of services were provided by ADHS. After a trial placement, the trial court ordered that custody be returned to their father in September 2012. After subsequent review hearings, the trial court found that custody should remain with the father, and the case was closed by an order entered in April 2013.

Just two months later, ADHS filed a petition for emergency custody of the children and sought a finding that they were again dependent-neglected. The petition alleged that both parents had been arrested and were presently incarcerated on child-endangerment and drug charges. The petition was filed under the same case number as the earlier, closed dependency-neglect case. The trial court entered an ex parte order for emergency custody in ADHS. Over the next weeks and months, hearings were held, probable-cause and adjudication orders were entered, a case plan was developed, and services were offered by ADHS. Appellants did not comply with the case plan, however. Instead of making improvements, the court found, appellants' situations had declined even further.

ADHS eventually filed a petition to terminate appellants' parental rights. After a June 2014 hearing, the trial court granted the petition to terminate parental rights in an order entered in August 2014. The trial court found by clear and convincing evidence that the children had been out of the home for more than twelve months and that, despite a meaningful effort by ADHS to rehabilitate the parents, the conditions causing removal of the children had not been remedied; that other factors and issues had arisen that demonstrated that

2

returning the children to appellants would be contrary to the children's health, safety, and welfare; that the children had been subjected to aggravated circumstances; and that both mother and father had been convicted of crimes and were presently incarcerated in the Arkansas Department of Correction, serving sentences of fifteen and ten years, respectively. The court further found by clear and convincing evidence that termination of appellants' parental rights was in the children's best interest.

As noted, appellants do not challenge the trial court's findings of statutory grounds or best interest underlying the decision to terminate their parental rights. Rather, they argue, for the first time on appeal to this court, that the trial court lacked authority to allow the second dependency-neglect case to be docketed under the same case number as the prior, closed dependency-neglect case. They argue that, because the trial court had no jurisdiction to reopen the prior case, the termination order is null and void. Because we hold that appellant failed to preserve this issue for appeal, we do not address it on the merits.

As a general rule, an appellant must raise an issue and make an argument to the circuit court in order to preserve the issue for appeal; we do not address arguments made for the first time in this court. *Ingle v. Arkansas Department of Human Services*, 2014 Ark. 471; *Russell v. Arkansas Department of Human Services*, 2014 Ark. App. 734. It is true that subject-matter jurisdiction can be raised at any time, even for the first time on appeal, but asserting that an unpreserved argument really goes to subject-matter jurisdiction has been tried, and rejected, before. *Joshlin Brothers Irrigation v. Sunbelt Rental, Inc.*, 2014 Ark. App. 65.

> [T]here is a distinction between want of jurisdiction to adjudicate a matter and a determination of whether the jurisdiction should be exercised. Jurisdiction of the

subject matter is power lawfully conferred on a court to adjudge matters concerning the general question in controversy. It is power to act on the general cause of action alleged and to determine whether the particular facts call for the exercise of that power. Subject matter jurisdiction does not depend on a correct exercise of that power in any particular case.

*Banning v. State*, 22 Ark. App. 144, 149, 737 S.W.2d 167, 170 (1987). A court lacks subject-matter jurisdiction if it cannot hear a matter under any circumstances and is wholly incompetent to grant the relief sought. *Edwards v. Edwards*, 2009 Ark. 580, 357 S.W.3d 445. On the other hand, a court's failure to follow the statutory procedure in the exercise of its power may constitute reversible error, but it does not oust the court's subject-matter jurisdiction. *Noble v. Norris*, 368 Ark. 69, 243 S.W.3d 260 (2006); *Banning*, *supra*.

Since Amendment 80 to the Arkansas Constitution became effective in 2001, circuit courts have original jurisdiction of "all justiciable matters not otherwise assigned pursuant to" the constitution. Ark. Const. amend. 80, § 6(A). *See Edwards*, *supra*; *Noble*, *supra*. Pursuant to Arkansas Code Annotated section 9-27-306(a)(1) (Supp. 2013), "[t]he circuit court shall have exclusive original jurisdiction of and shall be the sole court for" a number of proceedings under the Juvenile Code, including dependency-neglect and termination-of-parental-rights proceedings. Ark. Code Ann. § 9-27-306(a)(1)(B) & (E). Here, while the trial court may have erred in allowing the prior, closed dependency-neglect case to be reopened, *Young v. Arkansas Department of Human Services*, 2012 Ark. 334, the court had subject-matter jurisdiction to hear the petition and enter the termination order. *Russell*, *supra*; *see also Ingle v. Arkansas Department of Human Services*, 2014 Ark. 53, 431 S.W.3d 303. Therefore, because appellants failed to raise any argument to the circuit court concerning the reopening of the



closed dependency-neglect case, we hold that any error in that regard on the part of the circuit court was waived and not preserved for appeal. *See Russell*, *supra*.

Affirmed.

GLADWIN, C.J., and BROWN, J., agree.

*Suzanne Ritter Lumpkin*, Arkansas Public Defender Commission, for appellants.

*Tabitha Baertels McNulty*, Office of Policy & Legal Services; and *Chrestman Group, PLLC*, by: *Keith Chrestman*, for appellees.