SLIP OPINION · Cite as 2015 Ark. App. 171



# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-14-982

| | |
|---|---|
| | **Opinion Delivered** March 11, 2015 |
| CHARLES WILLIAMS | |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, ELEVENTH DIVISION |
| V. | [NO. 60JV-14-236] |
| | HONORABLE PATRICIA JAMES, JUDGE |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES | |
| APPELLEE | AFFIRMED |

## M. MICHAEL KINARD, Judge

Charles Williams appeals from an order terminating his parental rights to his five-month-old daughter, E.W. He challenges the trial court's finding that termination was in the child's best interest. He also argues that the court erred in proceeding with termination because of alleged procedural defects or omissions earlier in the dependency-neglect case. We affirm.

The Arkansas Department of Human Services (ADHS) took emergency custody of E.W. on the day that she was born in February 2014 because her mother, Emma Mickles, was then an inmate in the Arkansas Department of Correction. Ex parte and probable-cause hearings and orders placing custody with ADHS followed within days. ADHS filed motions seeking to have E.W. adjudicated dependent-neglected and seeking an order that no reunification services be provided to Mickles or appellant, the child's putative father, because

they had previously had their parental rights to E.W.'s sibling terminated. *See* Ark. Code Ann. § 9-27-365(c) (Supp. 2013). After an April 14, 2014, hearing, the trial court entered an order adjudicating E.W. dependent-neglected and ordering that no reunification services be provided to Mickles or appellant. The goal or plan for the case was declared to be adoption. About three weeks later, ADHS filed a petition to terminate Mickles's and appellant's parental rights. Thereafter, DNA testing showed appellant to be E.W.'s biological father, and in June an attorney was appointed for him by the trial court. *See* Ark. Code Ann. § 9-27-316(h) (Supp. 2013). After an August 6, 2014, hearing, the trial court terminated both parents' parental rights to E.W. The appellant-father appeals from that order.

There is a heavy burden placed upon the party seeking to terminate the parent-child relationship. *Fox v. Arkansas Department of Human Services*, 2014 Ark. App. 666, 448 S.W.3d 735. Termination of parental rights is an extreme remedy and in derogation of the natural rights of the parents. *Id.*; *Stockstill v. Arkansas Department of Human Services*, 2014 Ark. App. 427, 439 S.W.3d 95. Parental rights, however, will not be enforced to the detriment or destruction of the health and well-being of the child. *Fox, supra.* The circuit court may consider a petition to terminate parental rights if it finds that there is an appropriate permanency-placement plan for the juvenile. Ark. Code Ann. § 9-27-341(b)(1) (Supp. 2013). This section does not require a permanency-planning hearing as a prerequisite to consideration of a termination petition. *Id.* An order terminating parental rights must be based on the court's finding by clear and convincing evidence that termination is in the best interest of the juvenile, taking into consideration (1) the likelihood that the juvenile will be

adopted if the termination petition is granted and (2) the potential harm, specifically addressing the effect on the health and safety of the child, caused by returning the child to the custody of the parent. Ark. Code Ann. § 9–27–341(b)(3)(A)(i) & (ii). The trial court must also find by clear and convincing evidence the existence of a statutory ground for termination. Ark. Code Ann. § 9–27–341(b)(3)(B).

On appeal, the issue is whether the trial court's findings that best interest and statutory grounds were proved by clear and convincing evidence are clearly erroneous. *King v. Arkansas Department of Human Services*, 2014 Ark. App. 278. A finding is clearly erroneous when the appellate court is, on the entire evidence, left with a definite and firm conviction that a mistake has been made. *Id.* In deciding whether a finding of the trial court is clearly erroneous, we defer to the superior opportunity of the trial court to observe the parties and to judge the credibility of witnesses. *Id.*

Here, the statutory ground found by the trial court was that appellant had previously had his parental rights terminated as to E.W.'s sibling. *See* Ark. Code Ann. § 9–27–341(b)(3)(B)(ix)(*a*)(*4*). Appellant does not contest this finding on appeal. Instead, he argues that there was no permanency plan in place for E.W. and that the court clearly erred in finding that termination of appellant's parental rights was in E.W.'s best interest. We cannot agree.

The permanency plan for E.W. was declared to be adoption as early as the no-reunification order, and the trial court expressly found that the plan was appropriate. In making its best-interest finding, the trial court specifically stated that it considered E.W.'s

SLIP OPINION

adoptability and the potential harm that she would face should she be placed with either parent. An adoption specialist with ADHS testified that the child was readily adoptable. E.W. was young and healthy and without any known developmental or other barriers to adoption. Additionally, it was essentially undisputed that appellant was homeless, a longtime drug abuser, and a repeat felony offender. He was moving from one homeless shelter or halfway house to another. As of the termination hearing, he had been working for a moving company for less than two weeks and had not yet received a paycheck. He had no savings. He had paid no support for E.W. He had missed six of his last fifteen visits. Appellant testified that he had been sober for about six months. He admitted, however, that the only time he had been sober for a period longer than six months was while he was incarcerated in state prison. He had never been responsible for raising an infant. He also testified that, if he had custody of E.W., he would not keep her away from Ms. Mickles even if Ms. Mickles's parental rights were terminated. From our review of the record, we cannot conclude that the trial court's best-interest finding is clearly erroneous.

Appellant's remaining points all relate to perceived errors at earlier stages of the proceedings. He argues that the trial court erred in not holding a permanency-planning hearing before the termination hearing, in not requiring that a case plan be developed, in not appointing an attorney for him before the adjudication/no-reunification hearing, and in proceeding with the termination hearing despite the fact that the motion for no reunification services failed to list his address in the certificate of service. However, despite the fact that appellant appeared at the termination hearing with his attorney, none of these issues were



raised in any way before the trial court. The general rule is that an issue must be raised and ruled on below in order to be preserved for appeal; issues cannot be raised for the first time on appeal to this court. *Lively v. Arkansas Department of Human Services*, 2015 Ark. App. 131; *Ward v. Arkansas Department of Human Services*, 2015 Ark. App. 106. There are exceptions to this rule for questions of sufficiency of the evidence to support a judgment in a civil bench trial, *Ingle v. Arkansas Department of Human Services*, 2014 Ark. 53, 431 S.W.3d 303, and for questions of subject-matter jurisdiction, *Ward*, *supra*. However, appellant's arguments meet neither exception. They do not go to the sufficiency of the evidence to support the court's findings of best interest or statutory grounds under Arkansas Code Annotated section 9-27-341(b)(3). Nor do the alleged errors constitute actions outside the trial court's subject-matter jurisdiction. *See* Ark. Const. amend. 80, § 6(A) (circuit courts have original jurisdiction of "all justiciable matters not otherwise assigned pursuant to" the constitution); Ark. Code Ann. § 9-27-306(a)(1) (Supp. 2013) (circuit court has exclusive jurisdiction of, *inter alia*, dependency-neglect and termination proceedings); *Ward*, *supra* (distinguishing between a court's power to act in matters concerning the general question in controversy, *i.e.*, subject-matter jurisdiction, and a failure to follow proper statutory procedure in the exercise of that power). Therefore, we conclude that appellant's arguments are not preserved for appeal and cannot be raised for the first time on appeal to this court.[1]

---

[1]In any event, we note that Arkansas Code Annotated section 9-27-365(d) (Supp. 2013) provides that a permanency-planning hearing is not required where, as here, a petition for termination of parental rights is filed within thirty days of the order for no reunification services; that the no-reunification order recites that appellant appeared at that hearing, despite any perceived error in the motion's certificate of service; and that appellant remained a



Affirmed.

GLADWIN, C.J., and BROWN, J., agree.

*Suzanne Ritter Lumpkin*, Arkansas Public Defender Commission, for appellant.

*Tabitha B. McNulty*, County Legal Operations; and *Chrestman Group, PLLC*, by : *Keith L. Chrestman*, for appellees.

---

*putative* father at the time of the no-reunification hearing and was not then entitled to appointed counsel under Arkansas Code Annotated section 9-27-316(h)(3) (Supp. 2013).